## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHNNY ABEL GONZALES,

       Plaintiff,

       v.                                    Civ. No. 22-482 MV/SCY

COURTYARD MANAGEMENT
CORPORATION,

       Defendant.

## ORDER DENYING MOTION TO
## EXTEND EXPERT DEADLINE

Plaintiff moves for an extension for his expert disclosures for an unstated amount of time. Defendant opposes the motion. Plaintiff did not file a reply, and the time to do so has expired. Because Plaintiff has not met his burden to show good cause for extending the expert disclosure deadline, the Court DENIES his Motion To Extend Expert Disclosure Deadline, Doc. 32.

## LEGAL STANDARD

Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). However, if the time to act has passed, the Court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK),* 275 F.R.D. 544, 547 (D.N.M. 2011) (citing *In re Four Seasons Sec. Laws Litig.,* 493 F.2d 1288, 1290 (10th Cir. 1974)). Inadvertence, ignorance of the

rules, and mistake of the rules are not sufficient to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

A determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Such circumstances include: "(1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *Id.*; *see also Quigley*, 427 F.3d at 1238 (applying the *Torres* standard of excusable neglect to an issue arising under Rule 6(b)). "The reason for delay is an important, if not the most important, factor in this analysis." *Hamilton v. Water Whole Intern. Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).

Further, a party requesting an extension of a scheduling order deadline must make a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) (requiring that a scheduling order may be modified "only for good cause and with the judge's consent"). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation omitted). In this way, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). Rulings on discovery matters are within the broad discretion of the trial

court. *See Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

## DISCUSSION

The Court held a Rule 16 scheduling conference and, after discussion with the parties, entered a scheduling order setting Plaintiff's expert disclosure deadline of January 17, 2023. Doc. 11. Nearly three months after the expiration of that deadline, on April 11, 2023, the Court held a status conference at the parties' request. Doc. 31.  Defendant's counsel explained that she was not able to provide dates for certain depositions within the discovery deadline and she therefore proposed modified case management deadlines. Plaintiff agreed on the condition that expert deadlines also be extended. That expert deadline had already expired, and so Defendant did not agree to extend it. *Id.* at 1. At the conference, the Court extended non-expert discovery deadlines because both parties agreed to that proposal. *Id.* at 2. The Court declined to address Plaintiff's expert deadline on an informal basis and requested formal briefing. *Id.* The present motion followed.

In the motion, Plaintiff explains that "no expert would take the case without depositions on the Defendant's witnesses." Doc. 32 at 2. Plaintiff also explains the efforts he made to schedule these depositions by emails dated October 26 (Doc. 32-1 at 2), December 6 (*id.* at 8), December 12 (*id.* at 12), December 22 (*id.* at 16), and December 27 (*id.* at 20), to which Plaintiff argues Defendant provided a series of nonresponsive or unhelpful responses. However, none of these emails mention Plaintiff's expert deadline. *Id.* at 2-24. Nor do these emails explain that Plaintiff's expert disclosure depends on the content of the depositions in question.

In its response, Defendant contends that "the purported delay in setting depositions before the expert disclosure deadline set by the Court was the result of an agreement made by the parties to limit depositions to one per side, in preparation for a settlement conference." Doc. 33

at 1. The January 26, 2023 settlement conference was scheduled to take place after Plaintiff's expert disclosure deadline. *Id.* There was no discussion of moving the expert disclosure deadline as a result of the agreement to hold a settlement conference. *Id.* For the first time, on January 19, 2023, Plaintiff requested Defendant agree to the extension of the deadline, which had already passed. Doc. 33 at 32. Almost two months after the expiration of the expert witness disclosure deadline, on March 13, Plaintiff again requested dates for depositions of Defendant's witnesses. Doc. 32-1 at 25-26. There was some disagreement over whether Plaintiff sent Defendant's counsel a prior email requesting these depositions on February 27. *Id.* at 26-27.

The Court finds that good cause exists for postponing the expert deadlines until after the January 26 settlement conference. The parties' pre-settlement conference communications clearly evince a desire to avoid the time and expense of most discovery until after the settlement conference. True, Plaintiff did not request Defendant to agree to extend the expert discovery deadline until January 19, 2022, two days after her January 17 expert disclosure deadline. Nonetheless, given the upcoming settlement conference and both parties' expressed preference to minimize discovery expenses in advance of the settlement conference, the Court would have been inclined to grant, even over Defendant's objection, Plaintiff's motion to extend the expert deadline if it were filed within a reasonable time after the settlement conference.

Plaintiff, however, did not file his motion to extend her expert deadline until three months after the settlement conference. As set forth above, binding Tenth Circuit precedent dictates that in determining whether good cause exists to alter the Court's scheduling order under Rule 16, the Court must consider whether the party seeking an extension was diligent in attempting to meet the existing scheduling deadline. On this record, the Court cannot find that Plaintiff was diligent. Plaintiff neither demonstrates that he was diligent in waiting until three months after the

settlement conference to move for an extension of the expert deadline nor provides any other good cause for this delay. Nor does Plaintiff's motion describe what type of expert he would use, how the expert would be important to his case, or how deprivation of expert testimony would prevent this case from being decided on the merits. Thus, the Court has no information on which it could conclude that failure to extend the expert deadlines would be unjust.

In sum, Tenth Circuit precedent requires a party seeking to amend a scheduling order to show good cause and states that the most important factor district courts must consider in making a good cause determination is whether a party made diligent efforts to comply with the court's deadline. Plaintiff has failed to make such a showing.

THEREFORE, IT IS ORDERED THAT Plaintiff's Motion To Extend Expert Disclosure Deadline, Doc. 32, is denied.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE